## Case No. 13,183.

### In re SOUTH BOSTON IRON CO.

#### [4 Cliff. 343.] [1]

Circuit Court, D. Massachusetts. May, 1876.

BANKRUPTCY—REVIEW—MATTERS DEHORS PETITION—PARTNERSHIP—ASSETS—PARTNERSHIP AND INDIVIDUAL DEBTS—HOW CLAIMS PROVED.

1. A resolution adopted by the creditors of a bankrupt, accepting a certain per cent for his indebtedness to them, is a question which is subject to review under the revisory power of the circuit court, of cases in bankruptcy.

2. Law and fact may be reviewed, in this case, under a petition in due form, if seasonably filed, according to the requirements of the bankrupt act [of 1867 (14 Stat. 517)], but the petition must state specifically the errors complained of in the ruling or order of the district court.

3. Nothing is open for review but the assignments of error set forth in the petition.

4. Although separate creditors of each partner, as well as the creditors of the company, may prove their respective debts when the partnership is adjudged bankrupt, yet the net proceeds of the joint estate is to be appropriated to pay the copartnership creditors, and the proceeds of the separate estate of each partner is to pay the separate creditors.

5. Balances of the separate estates are to be added to the joint estate, for the payment of the joint creditors, and, after the payment of the partnership debts, the balance, if any, is to be divided among the several partners.

6. Creditors of the separate partners have no right to participate in a meeting of creditors of

---

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

the partnership, notified and held to determine whether an offer of compromise proposed by the bankrupt partnership shall or not be accepted.

7. Claims against the bankrupt estate may be proved by attorney.

8. Each of several bankrupts received a sum out of the partnership fund; but the facts were known to the creditors at their meeting, when they accepted the debtors' proposition, and the resolution to accept the proposition ought not to be set aside on that state of facts.

9. Assignments of errors must be explicit.

[In the matter of Edward O. Holmes and John W. Blanchard, bankrupts, the South Boston Iron Company, petitioners for review.]

Proceedings in conformity to the conditions prescribed in the bankrupt act, relative to a composition proposed by a debtor, and accepted by the creditors as satisfaction of the debts due from the debtor to them, took place in the court. Due notice was given, and the creditors met and voted to accept the offer of composition, forty per cent, as proposed by the debtors in satisfaction of the debts due to them from the debtors. They not only agreed to accept the offer proposed by the debtors, but they adopted a resolution accepting the same, and reported the resolution to the court. Objections to the resolution were filed by the petitioners as one of the creditors, whereupon the court referred the case to one of the registers of the court for hearing and report. Hearing was accordingly had, and the register reported that the resolution adopted by the creditors ought to be recorded. Both parties were again heard, and the court, on the 27th of March, 1876, directed that the resolution should be recorded. Dissatisfied with that adjudication, the opposing creditor, on the 11th of April following, filed this petition in this court, under the first clause of section 2 of the bankrupt act, asking this court to review and reverse those proceedings. Proper notice, it was suggested, was not given of the intention to seek such a review; but the court was of the opinion that the objection was not well founded, and the motion to dismiss the petition upon that ground was overruled. Objection was also made that the question involved was not one which was subject to review in this court, under the section of the bankrupt act giving the circuit court a general superintendence and jurisdiction of all cases and questions arising in the district court when sitting as a court of bankruptcy, but the court here was of a different opinion, and that objection was overruled.

E. Avery and L. M. Child, for petitioners.
Elias Merwin, for bankrupts.

CLIFFORD, Circuit Justice. Creditors of a bankrupt may, under the conditions prescribed in the bankrupt act, resolve that a composition proposed by the debtor shall be accepted as satisfaction of the debts due to them from the debtor. Such resolution, however, in order that it may be operative, must be passed by a majority in number and three fourths in value of the creditors of the debtor, assembled at the meeting notified for the purpose, either in person or by proxy, and must be confirmed by the signatures thereto of the debtor and two thirds in number and one half in value of all the creditors of the debtor. For the purpose of such a composition, creditors whose debts amount to sums not exceeding $50 shall be reckoned in the majority in value, but not in the majority in number. Debts of secured creditors, above the amount of such security, are to be estimated in the same way; but the provision is that creditors whose debts are fully secured shall not participate in the proceedings without first relinquishing such security for the benefit of the estate. Unless prevented by sickness, the requirement is that the debtor shall be present at the meeting, and that he shall produce a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts, respectively, are due.

Law and fact may both be reviewed here under a petition in due form, if seasonably filed in this court in compliance with the requirements of the bankrupt act; but such petition must state specifically the errors complained of in the ruling, order, or decree of the district court.

Errors specifically pointed out are open to review, and no others. Authority for that proposition is found in the twenty-fourth rule of the court, and, in the opinion of the court, delivered long before the rule was adopted. Littlefield v. Delaware & H. Canal Co. [Case No. 8,400]. Apply that rule of decision to the case before the court, and it is clear that nothing is open for review except the several assignments of errci set forth in the petition. Errors are assigne⁓ in the petition as follows:

That each of the bankrupt partners has individual property and individual creditors, and that the resolution of compromise refers only to the partnership property; but the assignment fails to point out any error of law or fact committed by the creditors or by the register or by the district court. Separate creditors of each partner, as well as the creditors of the company, may prove their respective debts, where the partnership is adjudged bankrupt; and the act provides that the net proceeds of the joint estate shall be appropriated to pay the creditors of the copartnership, and that the net proceeds of the separate estate of each partner shall be appropriated to pay its separate creditors. Balances, if any, of the separate estates of the respective partners, it is provided, shall be added to the joint stock for the payment of the joint creditors; and the balance of the joint stock, if any, after the payment of the joint debts, shall be appropriated to and be divided among the separate estates of the several partners according to their respective right and interest therein, as it would have been if the partnership had been dissolved

without any bankruptcy. Grant all that, and still it by no means follows that the creditors of the separate partners have any right to participate in the meeting of creditors notified and held to determine whether the offer of compromise proposed by the bankrupt partnership shall or shall not be accepted. Instead of that, the act of congress justifies the conclusion that the creditors of the individual debtors have nothing to do with that consultation. Suppose it were otherwise, still the better opinion is that the petitioners in this case would have no right to complain, as they are partnership creditors, and not creditors of the individual partners. Nor is it contended that the creditors of the individual partners have any right to participate in that meeting; but the argument is, that the estate of one of the individual debtors is greater than what is required to pay his individual debts, and that the balance of the same, beyond what is required for that purpose, should have been added to the joint assets. If that were the fact, it does not follow that there was any irregularity in the meeting of the creditors to consider the question of compromise, as it did not appear that any such balance would ultimately be found, nor that any creditor was excluded from the meeting who had any right to be present.

That all the claims proved at the first meeting, except one, were proved by an attorney, only three of the creditors besides the petitioners being present. Claims in such cases may certainly be proved by an attorney; and if so, it follows that the matters alleged in that assignment do not afford any ground to reverse the decision of the district judge.

That each of the bankrupts received a large sum out of the partnership fund, and that the same was concealed by them, and was not exhibited by them as a part of the partnership assets. Evidence was introduced upon that subject which, it appears, was fully considered by the register and by the district judge. Sufficient appears to satisfy the court that the facts were known to the creditors at their meeting, and that the resolution accepting the offer of compromise was understandingly passed with a full knowledge of what had been done in that regard by the partners. Certain sums had undoubtedly been withdrawn by each partner from the partnership funds; but the explanations given as to the circumstances repel every presumption of fraud, and fully justify the action of the creditors and the ultimate decision of the district court.

That the assets of the partnership are much greater than shown by the bankrupts. Support to that view is attempted to be derived by showing that a balance would be left from the separate estate of one of the partners after the payment of his individual debts; but, in the judgment of the court, the assignment of error is not sufficiently explicit and comprehensive to open that question to review in this case.

Conclusive proof of that proposition is found in what follows in the same assignment, which shows that the real complaint is that the assets of the partnership exhibited are valued too low; that "if the same were sold by an assignee, there would be realized a sum sufficient to pay much more than forty per cent of the debts." Beyond all doubt, the petitioners must be confined to errors specifically pointed out in the petition. Properly construed, the complaint in the fourth assignment amounts to nothing more than that the assets of the partnership, as exhibited, would sell for a greater sum than the estimated value; and the court is clearly of the opinion that the complaint, when so construed, is not supported by the evidence.

Attempt is made in argument to show that the partnership debts are not as great as the estimate; but no such error is assigned in the petition, which is all that need be said upon the subject.

Fraudulent concealment of assets is the next charge; but the court is of the opinion that the decision of the district judge, to the effect that the charge is not proved, is correct.

That it is not for the best interests of all concerned that the resolution should be recorded. Enough appears to show that the majority of the creditors, and the register and the district court, were of a different opinion; and the court here, after a pretty full consideration of the subject, concurs without hesitation in the conclusion of the district court.

Three other errors are assigned, but, inasmuch as they were not pressed in argument and are believed to be without merit, they will not be separately considered. Finding no error in the record, the petition for review is denied.

---

SOUTH BRANCH DISTILLING CO. (UNITED STATES v.). See Case No. 16,359.

SOUTH CAROLINA, The (LINDSEY v.). See Case No. 8,368.

SOUTH CAROLINA, The (MOITEZ v.). See Case No. 9,697.

SOUTH CAROLINA, The (UNITED STATE v.). See Case No. 16,360.

SOUTH CAROLINA PHOSPHATE & PHOSPHATIC RIVER MIN. CO. (BRADLEY v.). See Case No. 1,787.

SOUTH CAROLINA R. CO. (SAYLES v.). See Case No. 12,425.